IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENZEL JOHNSON, SR., | ) |
| | ) |
| Plaintiff, | ) No. 2:24-cv-13 |
| | ) |
| vs. | ) |
| | ) District Judge Robert J. Colville |
| | ) |
| SUPERINTENDENT OF SCI HUNTINGDON; DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| Defendant. | |

**ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 4) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Judge Kelly's July 15, 2024 Report and Recommendation recommends that the Court dismiss this action for failure to prosecute. Objections to the Report and Recommendation for Unregistered ECF Users were due by August 1, 2024. Petitioner filed an Objection (ECF No. 5) on July 25, 2024.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the

1

order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon reasoned consideration of Judge Kelly's Report and Recommendation and Defendant's Motion, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court. As Judge Kelly reports, this proceeding is duplicative. Petitioner has challenged his criminal conviction in the Court of Common Pleas of Allegheny County (Docket No. CP-02-CR-53-2016), which is the subject of this habeas petition, in another Section 2254 petition before the United States District Court (Civil Action No. 23-881). On January 10, 2024, Judge Kelly issued an order for Petitioner to show cause as to why this case should not be dismissed for violating Rule 2(c) of the Rules Governing Section 2254 cases, which requires a petitioner to raise all claims against his conviction in a single petition. Petitioner did not respond. It is therefore ORDERED that this case is dismissed for failure to prosecute.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: November 14, 2024

cc/ecf:

All counsel of record

Denzel Johnson, SR
MS7487
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16652